## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

In Re:                                                          Bky. No. 10-35022

Douglas Ryan Horecka and
Renae Ann Horecka,

       Debtor(s).                                              Chapter 13 Case

---

### NOTICE OF FILING OF MODIFIED PLAN AND HEARING

---

**TO:** **U.S. Trustee, Chapter 13 trustee and all parties in interest entitled to notice under Local Rule 3015-2.**

      The above-captioned debtors, by and through the debtors' undersigned attorney, hereby give notice that the debtors have filed a Modified Chapter 13 Plan. A Confirmation Hearing regarding the debtors' Modified Chapter 13 Plan is scheduled for the 9TH day of September, 2010 at 10:30 a.m. before Hon. Dennis D. O'Brien, Judge of United States Bankruptcy Court, in Courtroom 2B, 2nd Floor, at the United States Courthouse, 316 North Robert Street, Saint Paul, MN 55101 to allow confirmation of said Modified Chapter 13 Plan. Any response to Confirmation of the Modified Plan shall be in writing and delivered to the undersigned and other parties in interest and filed with the Clerk of Bankruptcy Court not later than 24 hours, or mailed not later than three (3) days before the hearing date set forth above.

Dated: this 26th day of August, 2010.

                                  **ESKENS, GIBSON & BEHM LAW FIRM, CHTD.**

                                  /s/ Stephen J. Behm
                                  Stephen J. Behm
                                  151 St. Andrew's Court, Suite 200
                                  P.O. Box 1056
                                  Mankato, MN  56002-1056
                                  Telephone:  (507) 345-5500
                                  Attorney ID #0263758

**Form 3015-1 -Chapter 13 Plan**
**UNITED STATES BANKRUPTCY COURT**
District of Minnesota
**MODIFIED CHAPTER 13 PLAN**

In Re:
**DOUGLAS RYAN HORECKA**
   1089                                       Dated: 08/18/2010
**RENAE ANN HORECKA**
   2838                                         Case No. 10-35022
                DEBTOR
                In a joint case,
                debtor means debtors in this plan.

1. **PAYMENTS BY DEBTOR -**
   a. As of the date of this plan, the debtor has paid the trustee **560.00**.
   b. After the date of this plan, the debtor will pay the trustee **560.00** per **Month** for **59** months beginning 30 days following the order for relief for a total of **33,600.00** . The minimum plan length is **X** 36 or ____ 60 months from the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee: _____
   d. The debtor will pay the trustee a total of **33,600.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE -** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may Collect a fee of up to 10% of plan payments, or <u>3,360.00.</u>

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] –** The trustee will promptly pay from available funds adequate protection payments to Creditors holding allowed clams secured by personal property, according to the following schedule, beginning with month one (1).

| Creditor | Monthly Payment | Beginning in Month # | Number of Months | Total Payments |
|---|---|---|---|---|
| a. SECURITY STATE BANK | 50.00 | 1 | 7 | 350.00 |
| b. BANK OF THE WEST | 80.00 | 1 | 7 | 560.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] –** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in pararaph 7**.** In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

| Creditor | Description of Property |
|---|---|
| a. NONE | |

5. **CLAIMS NOT IN DEFAULT –** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition Was filed directly to the creditors. The creditors will retain their liens, if any. In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

| Creditor | Description of Claim |
|---|---|
| a. NONE | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] –** The trustee will cure defaults on the following claims secured only by a Security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the Peition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates*. The trustee will pay the actual Amounts of default. In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. CHASE HOME FINANCE LLC | 7,441.06 | 100.00 | 8 | 12 | 1,200.00 |
| | | 65.00 | 20 | 30 | 1,950.00 |
| | | 429.11 | 50 | 10 | 4,291.10 |
| b. GMAC MORTGAGE | 2,726.94 | 52.23 | 8 | 12 | 626.76 |
| | | 70.00 | 20 | 30 | <u>2,100.00</u> |
| c. TOTAL | | | | | 10,167.86 |

7. **CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)] –** The trustee will cure defaults on the following claims as set forth below. The debtor Will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain their liens, if any. *All following entries are estimates, except for interest rate.* In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

| Creditor | Amount of Default | Int. Rate (If applicable) | Mothly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. NONE | | | | | | |

8. **OTHER SECURED CLAIMS: SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)] –** The trustee will pay, on account of the following Allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed

Secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's Discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM. In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Number of Pmts. | Payment Amount | Payments on Claim | Adequate Protection | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. SECURITY STATE BANK (1998 JEEP CHEROKEE) | 1,381.53 | 1,381.53 | 5 | 8 | 12 | 130.26 | 1,563.12 | 350.00 | 1,913.12 |
| b. BANK OF THE WEST (2005 DODGE MAGNUM) | 17,000.00 | 10,500.00 | 5 | 8 | 12 | 180.00 | 2,160.00 | | 2,160.00 |
| | | | | 20 | 26 | 369.00 | 9,594.00 | 560.00 | 10,154.00 |
| c. TOTAL | | | | | | | | | 14,227.12 |

9. **PRIORITY CLAIMS -** The trustee shall pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beg. in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. ATTORNEYS FEES | 1,274.00 | 182.00 | 1 | 7 | 1,274.00 |
| b. TOTAL | | | | | 1,274.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS –** In addition to the class of unsecured creditors specified in paragraph 11, there shall be Separate classes of non-priority unsecured creditors described as follows: None.
    The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Interest Rate (If any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. NONE | | | | | | |

11. **TIMELY FILED UNSECURED CREDITORS –** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely Filed the balance of all payments received by the trustee and not paid under paragraphs 2, 3, 6, 7, 8, 9 and 10 their pro rata share of Approximately 4,571.02 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f) , and 10( c )].

    a. The debtor estimates that the total unsecured claims held by creditors listed in paragraph 8 are 6,500.00.
    b. The debtor estimates that the debtor's total unsecured claims (excluding those in paragraphs 8 and 10) are 47,000.00.
    c. Total estimated unsecured claims are 53,500.00 [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under paragraph 1, but not distributed by the Trustee under paragraphs 2, 3, 6, 7, 8, 9, or 11 will be paid to holders of non-priority unsecured claims for which proofs of claim were tardily Filed.

13. **OTHER PROVISIONS --**
    a. The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
    b. ***Upon confirmation of this plan Chase Home Finance, LLC and GMAC Mortgage, the creditors listed in paragraph 5 above, shall resume issuing regular monthly billing statements to the debtors at the debtors' address listed in the bankruptcy petition and said creditor shall accept all payments made by the debtors.***
    c. The debtors shall submit all future earnings or other income to such supervision or control of the trustee as is necessary for the execution of the Plan ***including all state and federal tax refunds received during the life of the plan. At the discretion of the trustee, the debtors may retain all or portions of their yearly tax refunds to cover unanticipated and necessary living expenses.***
    d. The trustee will pay, in full (with interest) all postpetition claims allowed under 11 USC Sec. 1305, if there are any such claims. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments paid by the debtors to the month in which they were made, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtors and the attorney for the debtors of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtors and attorney for the debtors of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). The plan filed by the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.
    e. ***As of the date of the filing of the petition, the debtors are delinquent with their pre-petition mortgage payments to Chase Home Finance LLC in the approximate amount of 7,441.06 and they are delinquent with their pre-petition mortgage payments to GMAC Mortgage in the approximate amount of 2,726.94. Any pre-petition delinquency claimed by said creditors in excess of the aforementioned amounts following the commencement of the debtors' bankruptcy case is hereby disputed by the debtors and will be deemed waived per 11 U.S.C. §1322(b)(3).***

**14. SUMMARY OF PAYMENTS -**

| | |
|---|---:|
| Trustee's Fee [Line 2] | 3,360.00 |
| Home Mortgage Defaults [Line 6(b)] | 10,167.86 |
| Claims in Default [Line 7(a)] | 0.00 |
| Other Secured Claims [Line 8(b)] | 14,227.12 |
| Priority Claims [Line 9(f)] | 1,274.00 |
| Separate Classes [Line 10(a )] | 0.00 |
| Unsecured Creditors [Line 11] | 4,571.02 |
| Adequate Protection Payments [Line 3(b)] | 0.00 |
| TOTAL [must equal Line 1(d)] | 33,600.00 |

STEPHEN J. BEHM
Bar no: 263758
ESKENS, GIBSON & BEHM LAW FIRM, CHTD.
151 ST. ANDREW'S COURT, SUITE 610
P.O. BOX 1056
MANKATO, MN 56002-1056
TELEPHONE: (507) 345-5500

Signed: DOUGLAS RYAN HORECKA
DOUGLAS RYAN HORECKA, DEBTOR

Signed: RENAE ANN HORECKA
RENAE ANN HORECKA, JOINT DEBTOR

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

**DOUGLAS RYAN HORECKA**

**RENAE ANN HORECKA**              **SIGNATURE DECLARATION**

                              Debtor(s).         Case No. _____

\_\_\_\_\_ PETITION, SCHEDULES & STATEMENTS

\_\_\_\_\_ CHAPTER 13 PLAN

\_\_\_\_\_ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION

✓ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS

✓ MODIFIED CHAPTER 13 PLAN

\_\_\_\_\_ OTHER (Please describe:_____)

We DOUGLAS RYAN HORECKA, RENAE ANN HORECKA , the undersigned debtor(s) or authorized representative of the debtor,
*make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

- [Individual debtors only] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

- [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 8-25-10

X _/s/ signature_                                   X _/s/ signature_
Signature of Debtor or Authorized Representative      Signature of Joint Debtor

**DOUGLAS RYAN HORECKA**                      **RENAE ANN HORECKA**
Printed Name of Debtor or Authorized Representative     Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In Re: Bky. No. 10-35022

Douglas Ryan Horecka and
Renae Ann Horecka,

       Debtor(s).                                         Chapter 13 Case

## UNSWORN CERTIFICATE OF SERVICE

      I, Stephen J. Behm, attorney with Eskens, Gibson & Behm Law Firm, Chtd., 151 St. Andrew's Court, Suite 610, P.O. Box 1056, Mankato, MN 56002-1056, declare that on August 26, 2010 I mailed the attached **Notice of Hearing and Filing of Modified Plan and Modified Chapter 13 Plan and Amended Schedules B, C and J** upon all of the entities listed below and on those listed on the attached service list by first class mail postage prepaid to each entity on said list at the addresses stated for each entity, as indicated.

Douglas and Renae Horecka, 1717 Sunset Street, Albert Lea, MN 56007.

Upon all entities listed on debtors' creditor matrix (See attached list).

Upon each of the entities named below by email via CM/ECF Filing:

Jasmine Z. Keller, trustee      --      cmecfjzkmn@ch13mn.com
U.S. Trustee                      --      ustpregion12.mn.ecf@usdoj.gov

Dated: this 26th day of August, 2010.

                             **ESKENS, GIBSON & BEHM LAW FIRM, CHTD.**

                             /s/ Stephen J. Behm
                             Stephen J. Behm, #263758
                             151 St. Andrew's Court, Suite 610
                             P.O. Box 1056
                             Mankato, MN 56002-1056
                             Telephone: (507) 345-5500

creditor

ALBERT LEA MEDICAL
404 W. FOUNTAIN ST.
ALBERT LEA, MN 56007-2473

ALBERT LEA MEDICAL CENTER
SDS 12 2845
P O BOX 86
MINNEAPOLIS MN 55486 2845

ALBERT LEA MEDICAL CENTER
SDS 12 2845
P O BOX 86
MINNEAPOLIS MN 55486 2845

ALBERT LEA MEDICAL CENTER
404 WEST FOUNTAIN STREET
ALBERT LEA MN 56007

BANK OF THE WEST
PO BOX 4002
CONCORD, CA 94524

BRIDGESTONE
P O BOX 81344
CLEVELAND OH 44188 0344

CAPITAL ONE CARD SERVICES
P.O. BOX 85015
RICHMOND, VA 23285-5015

CAPITAL ONE CARD SERVICES
P O BOX 30285
SALT LAKE CITY UT 84130 0285

CARE CREDIT/ GE MONEY BANK
P.O. BOX 981284
El PASO, TX 79998

CHASE
P O BOX 15298
WILMINGTON DE 19850 5298

CHASE FREEDOM
PO BOX 15548
WILMINGTON, DE 19886

CHASE HOME FINANCE LLC
P O BOX 81507
ATLANTA GA 30366

GLOBAL CREDIT COLLECTIONCORP
P O BOX 101928
DEPT 2417
BIRMINGHAM AL 35210

CREDIT FIRST
PO BOX 81410
CLEVELAND, OH 44181

DISCOVER
PO BOX 30943
SALT LAKE CITY, UT 84130

creditor

ELROD, GREEN, HYLAND DDS  
800 1ST AVE SW  
AUSTIN, MN 55912

GMAC MORTGAGE  
500 ENTERPRISE DRIVE  
SUITE 150  
HORSHAM PA 19044

HSBC RETAIL SERVICES  
PO BOX 5238  
CAROL STREAM, IL 60197

KOHLS  
P O BOX 3043  
MILWAUKEE WI 53201 3043

PROFESSIONAL SERVICES BUREAU  
11110 INDUSTRIAL CIRCLE NW SUITE B  
ELK RIVER, MN 55330

PROFESSIONAL SERVICES BUREAU INC  
P O BOX 331  
ELK RIVER MN 55330 0331

SECURITY BANK  
PO BOX 891  
ALBERT LEA, MN 56007

STARR HOLT  
317 SUMMER AVE  
ALBERT LEA, MN 56007

THERESA HORECKA  
203 2ND ST NE  
CLARKS GROVE, MN 56016

U S BANCORP  
U S BANCORP CENTER  
800 NICOLLET MALL  
MINNEAPOLIS MN 55402

US BANK  
PO BOX 790408  
ST. LOUIS, MO 63179

WFNNB  
PO BOX 659705  
SAN ANTONIO, TX 78265